IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. NICHOLAS PHILIP YUKICH, III, *Plaintiff*, <br><br> v. <br><br> 1. VEERA RAMAN, <br> 2. LIVIA RAMAN, and <br> 3. MASA ENERGY, LLC OF TEXAS, *Defendants*. | Case No. CIV-23-198-RAW |

## **ORDER**

Before the court is the Defendants' *pro se* motion to dismiss filed on September 9, 2023 [Docket No. 8]. No response was filed. On January 25, 2024, the court entered an order pursuant to Local Civil Rule 7(g), providing the Plaintiff with an additional fourteen days to show cause why the motion should not be granted. The Plaintiff timely filed a response to the show cause order, as well as affidavits, letters, and emails.

The court liberally construes the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* litigants are subject to "the same rules of procedure that govern other litigants." *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted). For purposes of a motion to dismiss, the court accepts as true all well-pleaded facts in a complaint and construes those facts in the light most favorable to the plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). A plaintiff must nudge the "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

In his Complaint, the Plaintiff in this case, Mr. Yukich, provides a brief statement of his claim and damages. Docket No. 2, at 5. In sum, he alleges that the Defendants "facilitated fraud by theft of [his] personal belongings, oilfield/assets and orchestrated a plot to take control of [his] oil well interest in Muskogee County;" that he was "[r]endered defenseless by [Defendants'] illegal activity;" and that since then "false information on the internet which is a result of Raman's fraud of individuals, *the local and federal court systems* resulted in [his] loss of business and personal relationships, meaning business opportunities with [his] professional knowledge and oilfield assets." *Id*. (emphasis added). Mr. Yukick claims that his total minimum loss is $11 million. *Id*. He claims that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. at 3.

As the court stated in its show cause order, the Plaintiff has made only general allegations of fraud. He has failed to nudge his claims across the line from conceivable to plausible. He certainly has not made clear exactly who is alleged to have done what to whom. The Complaint does not provide the Defendants with fair notice as to the basis of the claims against them as distinguished from any collective allegations. Moreover, "[i]n alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Plaintiff has not alleged his claims with particularity.

As the court also stated in its show cause order, from their motion to dismiss, it seems the Defendants have guessed as to what this action relates.  Defendants inform the court that Defendant, Masa Energy, along with others, previously brought a case for fraud against the Plaintiff, Mr. Yukich, and others in the Northern District of Oklahoma, and that the instant case is brought by the Plaintiff in retaliation for that previous case.  Defendants attach to their motion the Amended Complaint and the Judgment in Case Number 16-CV-200-GKF-TLW in the United States District Court for the Northern District of Oklahoma.  Docket Nos. 8-1 and 8-3.  The Judgment in that case was entered on March 29, 2017, in favor of Masa Energy and the other plaintiffs and against Mr. Yukich and the other defendants.  Docket No. 8-3.

In his response to the show cause order, the Plaintiff states: "In reviewing the motion to dismiss filed by Mr. Raman, he is correct that I had several lawsuits in which he and other investors he collaborated with initiated and driven (sic).  *Those are the exact lawsuits in question as a part of this suit against Mr. Raman*."  Docket No. 10, at 1 (emphasis added).  He also notes that he is "presenting written physical witness statements . . . by . . . multiple . . . witnesses *who were present or have come forward subsequent* [] *to all lawsuit completions*."  *Id*. (emphasis added).  The Plaintiff goes on to mention being charged with a felony by the state and being pursed legally by "investors across the country."  *Id*. at 2.

It appears that the Plaintiff is attempting to relitigate at least one lawsuit that was decided in another court.  The case identified by the Defendants to which the Plaintiff replied "[t]hose are the exact lawsuits in question" was litigated in the United States District Court for the Northern District of Oklahoma.  Judgment was entered on March 29, 2017.  Docket No. 8-3.  If the

3

Plaintiff did not agree with the judgment against him in that case, he had an opportunity to appeal it to the Tenth Circuit Court of Appeals in 2017.  Plaintiff may not relitigate the issues or claims decided in that case or in any other case before any other court here.  The doctrine of preclusion enjoins "successive attempts to relitigate the same issue in different forums." *B. Willis, C.P.A., Inc. v. BNSF. Ry. Corp.*, 531 F.3d 1282, 1300 (10th Cir. 2008) (citation omitted). Moreover, it is well established that when two actions involve the same issues between the same parties, "a final judgment in one will be *res judicata*, or bar the other." *Id*. (citation omitted).

To the extent the Plaintiff is attempting to relitigate the same issues or claims previously decided in the Northern District of Oklahoma or in any other court, his claims are barred.  To the extent the Plaintiff is attempting to bring other claims, he has failed to allege his claims with particularity.  The motion to dismiss [Docket No. 8] is hereby granted.

**IT IS SO ORDERED** this 11th day of June, 2024.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**